UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| LEON HOWARD TYSON, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:23-CV-412-JD-MGG |
| ENGLISH, | |
| Defendant. | |

OPINION AND ORDER

Leon Howard Tyson, a prisoner without a lawyer, filed a complaint. ECF 9. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Tyson alleges that, on February 22, 2023, while housed at the Miami Correctional Facility, he was let out of his cell to participate in recreation. He was permitted two hours in the day-room area. There are showers in the dorm, and some gym equipment is located about ten to twelve feet from the showers. Tyson asked if he could go to the fully functional gymnasium in a separate building, but his request was declined because Warden English was not permitting inmates in the gymnasium at that time.

While using the exercise equipment available in the dorm, Tyson slipped and fell in water that had been tracked from the shower area. He injured his knee. Tyson seeks monetary damages and an injunction requiring that wet floor signs be placed near the area where he fell.

Tyson cannot recover based on a mere slip and fall. As the Court of Appeals for the Seventh Circuit has recognized, "slippery surfaces and shower floors in prison, without more, cannot constitute a hazardous condition of confinement." *Pyles v. Fahim*, 771 F.3d 403, 410-411 (7th Cir. 2014). Mr. Pratt has not alleged facts that suggest Warden English was deliberately indifferent to his safety by failing to place a "wet floor" sign in an area known to be close to the showers. *But see Anderson v. Morrison*, 835 F.3d 681, 683 (7th Cir. 2016) (finding that Anderson stated a claim against a guard who refused his request for assistance and forced him to traverse 13 stairs "clogged with several days' of accumulated food and rubbish" while handcuffed behind the back). Here, Tyson has not alleged anything more than a slippery floor, and these allegations do not state a claim.

If Tyson believes he can state a claim based on (and consistent with) the events described in this complaint, he may file an amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available from his law library. He needs to write the word "Amended" on the first page above

the title "Prisoner Complaint" and send it to the court after he properly completes the form.

For these reasons, the court:

(1) GRANTS Leon Howard Tyson until **September 6, 2023**, to file an amended complaint; and

(2) CAUTIONS Leon Howard Tyson if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED on August 2, 2023

/s/JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT