UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

LEON HOWARD TYSON,

    Plaintiff,

    v.      CAUSE NO. 3:23-CV-412-JD-MGG

ENGLISH,

    Defendant.

OPINION AND ORDER

Leon Howard Tyson, a prisoner without a lawyer, filed an amended complaint. ECF 13. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Tyson alleges that, on February 22, 2023, while housed at the Miami Correctional Facility, he was let out of his cell to participate in recreation. He was permitted two hours in the day-room area. There are showers in the dorm, and some gym equipment is located about ten feet from the showers. Tyson asked if he could go to the fully functional gymnasium in a separate building, but his request was declined because Warden English was not permitting inmates in the gymnasium at that time. When

Tyson began exercising, the floor was dry. While using the exercise equipment available in the dorm, Tyson slipped and fell in water that had overflowed from the shower area. He injured his knee. Tyson contends that Warden English should be held liable for his injuries because he refused to permit him to access the fully functioning gym with non-slip mats and because placing the gym equipment so close to the showers disregarded a serious risk to inmate safety. He seeks monetary damages and an injunction requiring that the fully functioning gymnasium be made available and that wet floor signs be placed near the area where he fell.

Tyson cannot recover based on a mere slip and fall. As the Court of Appeals for the Seventh Circuit has recognized, "slippery surfaces and shower floors in prison, without more, cannot constitute a hazardous condition of confinement." *Pyles v. Fahim*, 771 F.3d 403, 410-411 (7th Cir. 2014). Tyson has not alleged facts that suggest Warden English was deliberately indifferent to his safety by not granting access to the fully functioning gym, allowing the gym equipment to be placed near the showers, or not placing a "wet floor" sign in an area known to be close to the showers. *But see Anderson v. Morrison*, 835 F.3d 681, 683 (7th Cir. 2016) (finding that Anderson stated a claim against a guard who refused his request for assistance and forced him to traverse 13 stairs "clogged with several days' of accumulated food and rubbish" while handcuffed behind the back). Here, Tyson's amended complaint, like his earlier complaint, does not allege anything more than a slippery floor. Therefore, the amended complaint does not state a claim.

3

For these reasons, this case is dismissed under 28 U.S.C. § 1915A because the amended complaint does not state a claim for which relief can be granted.

SO ORDERED on October 17, 2023

/s/JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT